**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Pitcher,<br><br>        Plaintiff,<br><br>v.<br><br>Banner Health,<br><br>        Defendant. | No. CV-22-00374-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Banner Health's ("Banner") motion to dismiss Count II of Plaintiff Wendy Pitcher's first amended complaint for failure to state a claim (Doc. 21), which is fully briefed (Doc. 24, 27). The Court grants the motion for the following reasons.

**I.      Background**

This case stems from Pitcher's employment with Banner as a Registered Nurse and Scrub Technician, and her termination on December 8, 2021. (Doc. 20 at 2). In 2019, Pitcher noticed what she perceived to be state health code violations. (*Id.*) She reported her concerns to various managers and the human resources department throughout 2019 and 2020, but she was ignored and met with complaints about her "tone." (*Id.* at 2–4.)

Pitcher continued to document and report violations in early 2021 and notified Banner's CEO and ethics department that fall. (*Id.* at 4–6.) In response, management demanded that Pitcher change her schedule, gave her a Direct Verbal Discussion for

1   unprofessional communication style, and issued her a written corrective action. (*Id.* at 5–
2   6.)
3       In November 2021, Pitcher reported her concerns to the Joint Commission on
4   Accreditation of Healthcare Organizations ("JCAHO")—whose standards the director of
5   the Arizona health department could permissively adopt as minimum standards and
6   requirements to be followed by healthcare institutions, *see* A.R.S. § 36-405—and again
7   notified the ethics department. (*Id.* at 7.) Banner terminated Pitcher, citing her
8   communication style, within a week of her reporting to the JCAHO. (*Id.*)
9       Pitcher filed this action accusing Banner of an unlawful retaliatory termination
10  under 31 U.S.C. § 3730(h) and A.R.S. § 23-1501. (*Id.* at 2). Banner now moves to dismiss
11  the state law claim. (Doc. 21.)

**II.    Legal Standard**

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must dismiss claims that are not based on a cognizable legal theory or that are not pled with enough factual detail to state a plausible entitlement to relief under an otherwise cognizable legal theory. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint's sufficiency, the Court accepts the well-pled factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**III.   Analysis**

Count II of Pitcher's complaint alleges Banner violated a provision of the Arizona Employment Protection Act ("AEPA"), which provides an employee with a private cause of action if an "employer has terminated the employment relationship of an employee in retaliation for . . . the employee [having] information or a reasonable belief that the employer . . . has violated, is violating or will violate the Constitution of Arizona or the statutes of this state[.]" A.R.S. § 23-1501(c). This, in essence, is a whistleblower protection

statute. The AEPA protects an employee who is terminated for reporting a reasonable belief (even if mistaken) that her employer has violated a state statute or constitutional provision. A.R.S. § 23-1501(A)(3)(c)(ii). A plaintiff need not have identified the specific statute or constitutional provision to her employer at the time she reported the perceived violation. *See Zalesky v. DolEx Dollar Express, Inc.*, No. 05-CV-0819-PHX-SRB, 2007 WL 9724784, at *12 (D. Ariz. Mar. 30, 2007). But once she elects to file a lawsuit, in order to adequately plead an AEPA claim she must be able to identify in her complaint the specific statute or constitutional provision she reasonably believed her employer violated. *See Painter v. Katerra Incorporated*, No. CV-21-00308-PHX-SRB, 2021 WL 2589736, at *4 (D. Ariz. Apr. 5, 2021) ("Indeed, it would be impossible for even an inference to be made that Plaintiff's belief was 'reasonable' unless the particular statute or constitutional provision is identified by Plaintiff in his pleading. Without it, the allegation is a mere 'formulaic recitation of the elements' that provides no notice to Defendant of what law or laws it allegedly violated, was violating, or was about to violate.").

Pitcher alleges she was terminated for reporting perceived violations of administrative rules promulgated by the state health director. But the AEPA is "express and unequivocal," *Galati v. America West Airlines, Inc.*, 69 P.3d 1011, 1014 (Ariz. Ct. App. 2003): to fall within its protections, an employee must have reported what she reasonably believed were violations of the state *constitution* or statute *statutes*. Administrative rules are not statutes. Reporting a perceived violation of an administrative rule could fall within the scope of the AEPA if a violation of that rule also would constitute a violation of a specific state statute. *See, e.g.*, *Chen v. Cozzoli*, No. CV-21-01025-PHX-DWL, 2022 WL 5169236, at *8 (D. Ariz. Oct. 5, 2022); *Ward v. Life Care Ctrs. Of Am., Inc.*, CV 16-741-TUC-RCC(JR), 2018 WL 5017004, at *4 (D. Ariz. Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 5807111 (D. Ariz. Nov. 6, 2018). For example, A.R.S. § 36-405.01(B) authorizes the state health director to promulgate regulations governing health screening services, and subsection (F) states that "any person who conducts health screening services in violation of this section *or in violation of any rule or*

*regulation adopted by the director* is guilty of a class 2 misdemeanor." (Emphasis added.) Thus, if an employee were to report perceived violations of the health director's rules or regulations governing health screening services, those reports could constitute protected activity under the AEPA because a violation of those administrative rules and regulations also constitutes a violation of a state statute. But, here, Pitcher has identified no such statute in her first amended complaint.

Instead, Pitcher alleges that her reports of perceived administrative rule violations fall within the scope of the AEPA because these administrative rules are "incorporated by reference in A.R.S. § 36-405." (Doc. 20 at 14.) Not so. Section 36-405 is an enabling statute. All it does it describe the powers and duties of the director. These duties include promulgating minimum standards for constructing, modifying, and licensing health care institutions, and in doing so the director must use as guidelines JCAHO standards or those or any other recognized accreditation organization approved by the health department. But nothing in § 36-405 makes a violation of those promogulated rules a violation of the enabling statute. Thus, Pitcher's reports of perceived regulatory violations "do[] not qualify as a disclosure of perceived violations of 'the Constitution of Arizona or the statutes of this state,' as required to state a claim under [the AEPA]." *Chen*, 2022 WL 5169236, at *8 (quoting § 23-1501(c)); *see also Polloni v. Rogers*, CV 2021-019249 (Ariz. Super. Ct. Aug. 5, 2022) (concluding that the AEPA "cannot reasonably be construed to encompass policies promulgated pursuant to a statutory authority.") (attached as Exhibit A to Banner's reply brief at Doc. 27).

In arguing otherwise, Pitcher relies on *Cutrona v. SunHealth Corp.*, No. CV 06-2184-PHX-MHM, 2008 WL 4446710 (D. Ariz. Sept. 30, 2008). In that case, the Court concluded that reporting perceived violations of JCAHO standards could support a claim under the AEPA because those or similar standards "appear to have been adopted by Arizona law," and the plaintiff therefore "could have reasonably believed that her safety concerns also amounted to violations of state law." *Id.* at *15. This Court does not find *Cutrona* persuasive for four reasons. First, *Cutrona* is inconsistent with the other

authorities cited in this order. Second, *Cutrona* did not cite any authority for the proposition that violation of an administrative rule promulgated pursuant to a statutory delegation of authority constitutes a state statute. Third, no court has subsequently cited *Cutrona* for this proposition. And fourth, *Cutrona* seems to conflate a plaintiff's reasonable belief that her employer violated a state statute with a plaintiff's mistaken belief that a statute capable of violation actually exists. As this Court reads the law in this area, to adequately plead a claim under the AEPA, a plaintiff must identify an actual state statute or constitutional provision that her employer could have been capable of violating. She can be reasonably mistaken as to whether her employer, in fact, violated that statute. But the statute has to actually exist and be capable of transgression in order to support a claim. It is this latter requirement that Pitcher fails to plead, as she has identified only an enabling statute. It is impossible for her employer to have violated a statute that does nothing more than describe the duties of the state health director, negating any plausibly reasonable belief on her part that Banner was violating the only statue she has pled in her first amended complaint. *See Chen*, 2022 WL 5169236, at *9.

In sum, Pitcher's reports of perceived JCAHO standard violations do not constitute protected activity under the AEPA because those JCAHO standards, even if adopted by the state health director as administrative rules, are not state constitution provisions or state statutes, and Pitcher has not identified in her first amended complaint a specific Arizona statute that makes a violation of those administrative rules a statutory offense.

**IT IS ORDERED** that Banner's motion to dismiss (Doc. 21) is **GRANTED**. Count II of the first amended complaint is dismissed.

Dated this 20th day of March, 2023.

Douglas L. Rayes
United States District Judge